IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-184-FL

| | |
|---|---|
| HERBERT CLARK III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RYAN D. MCCARTHY Secretary of the )<br>Army, )<br>)<br>Defendant. ) | ORDER |

This matter is before the court on frivolity review of plaintiff's pro se complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b),United States Magistrate Judge Kimberly A. Swank, entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court dismiss plaintiff's action. (DE 8). Plaintiff filed objections to the M&R (DE 9). In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, including for the additional reasons stated herein, and plaintiff's action is dismissed under § 1915(e)(2)(B).

## BACKGROUND

Plaintiff commenced this action by filing a complaint without filing fee on May 6, 2019, and by filing a motion for leave to proceed in forma pauperis on May 20, 2019, asserting an "independent action for relief of judgment" pursuant to Federal Rule of Civil Procedure 60(b)(6), with respect to the court's prior judgment upholding defendant's decision to deny plaintiff's request for correction of his military records, in case captioned Clark v. Murphy, No. 5:14-CV-

565-FL, 2016 WL 3102016 (E.D.N.C. June 2, 2016) ("Clark I"), with further related claims held res judicata in Clark v. United States Dep't of Army, No. 5:17-CV-576-FL, 2019 WL 79355, at *3 (E.D.N.C. Jan. 2, 2019) ("Clark II"). (DE 1 at 1; see DE 2 at 5).

The magistrate judge recommends dismissal on the basis that plaintiff has not demonstrated a basis for relief under Rule 60(b), and plaintiff is unable to meet the high threshold for bringing an independent action under Rule 60(d). In his objections, plaintiff argues that he has met the standard for bringing an independent action under Rule 60(b) and (d), and he further describes his claims on the merits.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Additionally, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

The magistrate judge correctly determined that plaintiff has not met the standard for bringing an independent action under Rule 60(b)(6) and (d). Accordingly, the court adopts the analysis in the M&R as its own. The court writes separately to augment the analysis of the M&R, in light of plaintiff's objections wherein he argues that he has met the requisite standard.

"The consideration of Rule 60(b) motions proceeds in two stages." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). "First there is the question of whether the movant has met each of three threshold conditions: [I]n order to obtain relief from a judgment under Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious [claim or] defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." Id.; Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011). Beyond these threshold conditions, the "catchall" provision authorizing relief for "any other reasons that

justifies relief," "may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." Id. Furthermore, an independent action under Rule 60(d) is available only when a plaintiff meets the "demanding" standard to "prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 46 (1998).

Here, as the court determined in its prior decision in Clark II, "plaintiff had a full and fair opportunity in Clark I to litigate all the claims that he has regarding defendant's handling of plaintiff's Army records." Clark v. United States Dep't of Army, No. 5:17-CV-576-FL, 2019 WL 79355, at *3 (E.D.N.C. Jan. 2, 2019). The claims raised in the instant action reiterate the merits of the claims raised in Clark I. (See, e.g., Compl. Mem. (DE 2) at 9-66; Pl's Objs. (DE 9) at 4, 6 (arguments based "On the Record Before the ABCMR" and "Mr. Clark's 2007 UCMJ in the context of the violation of Army Regulation")). Plaintiff has not alleged facts constituting a "grave miscarriage of justice," where plaintiff had an opportunity to raise the same arguments in the course of litigation and appeals in Clark I.

In sum, plaintiff has not met the threshold requirement of showing a "meritorious claim" in the instant action that overcomes the same res judicata bar that precluded plaintiff's action in Clark II. In addition, plaintiff has not demonstrated a grave miscarriage of justice permitting the commencement of an independent action under Rule 60(d). Therefore, the instant action must be dismissed as a matter of law for failure to state a claim, under § 1915(e)(2)(B).

## CONCLUSION

Based on the foregoing, the court adopts the M&R and DISMISSES the instant action for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is DIRECTED to close this case.

SO ORDERED, this the 2nd day of April, 2020.

                                              LOUISE W. FLANAGAN
                                              United States District Judge